# THE ATTORNEY GENERAL
## OF TEXAS
**ATTORNEY GENERAL**


October 22, 1962

Hon. Dorman H. Winfrey
Director and Librarian
Texas State Library
Austin 11, Texas

Opinion No. WW-1456

Re: Whether Article 5441a, Sec. 3, Vernon's Civil Statutes, authorizes the destruction of newspapers in print, purchased pursuant to Article 5441, Vernon's Civil Statutes, if a microfilm copy of the newspapers be preserved and the State Auditor consents to the destruction of the same.

Dear Mr. Winfrey:

You have requested the opinion of the Attorney General with regard to the following questions:

"1. Does Article 5441a, Section 3 authorize the destruction of newspapers in print, purchased pursuant to Article 5441, Section 3, if a microfilm copy of the newspapers be preserved and if the consent of the State Auditor to the destruction of the newspapers be obtained.

"2. If not, does Article 5441b R.C.S. . . authorize the destruction of the newspapers which are over 10 years old, if the procedures of the statute are complied with?"

In your letter you also state that the Library is faced with a "critical problem in housing the newspapers" and that the cost for binding newspapers now on hand would be approximately $20,000.00.

Following are the pertinent sections of Title 89, Articles 5441 and 5441a, Vernon's Civil Statutes:

"Art. 5441.  Duties of Librarian

". . .

"3.  He shall endeavor to collect all manuscript records relating to the history of Texas

in the hands of private individuals, and where the originals cannot be obtained he shall endeavor to procure authenticated copies. He shall be authorized to expend the money appropriated for the purchase of books relating to Texas, and he shall seek diligently to procure a copy of every book, pamphlet, map or other printed matter giving valuable information concerning this State. He shall collect portraits of photographs of as many of the prominent men of Texas as possible. He shall endeavor to complete the files of the early Texas newspapers in the State Library; <u>and he shall cause to be bound the current files of not less than ten of the leading newspapers of the State and the current files of not less than four leading newspapers of other states,</u> and of as many county papers, professional journals, denominational papers, agricultural papers, trade journals and other publications of this State as seem necessary to preserve in the State Library an accurate record of the history of Texas." (Emphasis ours)

"Art. 5441a. Records Administration Division

". . .

"'Public records' shall mean originals or copies of written or printed books, newspapers, magazines, documents, correspondence, papers, maps, drawings, charts, indexes, plans, memoranda, sound recordings, motion-picture or other photographic records, which are the property of any State department or institution.

". . .

"3. With the consent and cooperation of the heads of the various departments and institutions the public records of such departments and institutions shall be surveyed, indexed and classified under the direction of the records administration division. <u>Furthermore, with the approval of the State Librarian the head of any department or institution may destroy any public records in his custody which, in his opinion, have no further legal, administrative or historical value, provided,</u>

however, that he shall first file application to do so with the State Librarian, describing in such application the original purposes and contents of such public records, and provided further, that the approval of the State Auditor shall also be required with regard to the destruction of public records of a fiscal or financial nature."

In 1946 this office issued Opinion No. O-7132 which stated that "the words 'cause to be bound' mean 'binding' in the conventional sense, and will not permit the substitution of microfilming."

Following this opinion, in 1947 the Legislature enacted Article 5441a, and in 1959 Article 5441b was adopted.

Section 2, Article 5441a, specifically includes newspapers acquired by any State department or institution within the term "public records" for the purposes of this Article.

Section 3 of Article 5441a provides that such records may be destroyed when, in the opinion of the department head and the State Librarian, these records "have no further legal, administrative, or historical value."  This section of the article does not change in any way the duty of the Librarian to "cause to be bound" the newspapers, which duty is explicitly set out in Section 3 of Article 5441, but merely authorizes a procedure for destruction of previously collected records when they are properly adjudged to be valueless.  Of course, when a public record has been properly held to be valueless, its destruction may take place, but without such a finding that the records are valueless Section 3, Article 5441a does not authorize destruction merely because a microfilm copy of the record exists.  Likewise this office cannot hold that an alternative method for preservation of records constitutes compliance with the statute where the Legislature has clearly defined the procedure to be followed; and this would be true even where such an alternative method might be technically superior to the procedure authorized by the Legislature.  For this reason, this office sees no reason to overrule Opinion No. O-7132 issued in 1946.  In answer to your first question we are of the opinion that Section 3, Article 5441a, does not authorize the destruction of newspapers in print, purchased pursuant to Section 3, Article 5441, even though a microfilm copy of the newspaper is to be preserved, and even if the consent of the State Auditor to the destruction of the newspapers be obtained unless such newspapers are adjudged to be valueless.

With regard to your second inquiry, Article 5441b provides:

"Art. 5441b.  Disposition of valueless records

"Section 1.  The State Librarian of the State of Texas is hereby authorized to transfer, destroy or otherwise dispose of any records of the State of Texas consigned by law to his custody that are more than ten (10) years old and which the State Librarian shall determine to be valueless, or of no further use, to the State of Texas as official records.  Provided, however, none of such records shall be disposed of in any manner unless the State Comptroller, the State Auditor and the Attorney General of the State of Texas shall first have agreed with the State Librarian that the preservation of any such records are no longer necessary as evidence and will serve no useful purpose in the future efficient operation of the State Government.  All such records disposed of, as agreed upon, shall be generally listed and referred to and such list shall be subscribed to by all of said Officials showing their consent to such disposition.

"Sec. 2.  Any such records which the Attorney General, State Comptroller, State Auditor and State Librarian, or any one or more of them deem necessary to preserve, may be so preserved by microfilming such records and such microfilm copies shall thereupon constitute original records for all legal purposes.  Thereafter the originals of such records may be disposed of in such manner as such Officials may agree on; provided, however, that such microfilming shall be done only if funds are available for that purpose or are appropriated by the Legislature of the State of Texas for that purpose to cover the cost of such microfilming for the State of Texas.

"Sec. 3.  Any such records held to be no longer needed for the operation of the State Government or those replaced by microfilm copies may nevertheless be transferred to the Archives Division of the Texas State Library if the State Librarian deems them to be of historical value."

Hon. Dorman H. Winfrey, page 5 (WW-1456)

      This article merely sets forth a method by which destruction of valueless records may be accomplished or, in the alternative, such records may be preserved in microfilm and the original records may be destroyed after being kept for 10 years. Under this article destruction may be accomplished when approval is secured from the Attorney General, State Comptroller, State Auditor, and State Librarian.

      Therefore, the answer to your second question is in the affirmative. Thus, such destruction or preservation through the use of microfilming that you inquire about may be accomplished under this statute by compliance therewith.

### SUMMARY

      Section 3, Article 5441a, does not authorize the destruction of newspapers in print, purchased pursuant to Section 3, Article 5441, even though a microfilm copy of the newspaper is to be preserved and even if the consent of the State Auditor to the destruction of the newspapers is obtained, unless such newspapers are adjudged to be valueless.

      Article 5441b authorizes the destruction of the newspapers which are over 10 years old, if the procedures of the statute are complied with.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Sam Stone, Jr.
      Assistant

SS:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Lewis
Frank Booth
Fred D. Ward

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore